**From:** Loiacono, Adam V <Adam.V.Loiacono@ice.dhs.gov>
**Sent:** Tuesday, August 5, 2025 6:48 PM
**To:** King, Tatum <Tatum.King@hsi.dhs.gov>
**Cc:** Hippolyte, Tasha <Tasha.Hippolyte@hsi.dhs.gov>; Weindorf, Eric J <Eric.J.Weindorf@hsi.dhs.gov>; Kovachy, Matthew <Matthew.Kovachy@ice.dhs.gov>; Spidle, Helki <Helki.Spidle@ice.dhs.gov>; Loiacono, Adam V <Adam.V.Loiacono@ice.dhs.gov>
**Subject:** RE: New UAC Initiative for Action

Tatum,

Thanks for reaching out on this question. We understand that, in an effort to help the Department of Health and Human Services (HHS) reunite unaccompanied alien children (UAC) with their families, HSI intends to interview a number of UAC at HHS shelters with the following goals:

1. Locate a parent or guardian responsible for the UAC
2. Reunite the UAC with their parent/guardian
3. If the parent or guardian is unlawfully present in the US, take administrative action as appropriate (after reuniting them with their child so they remain a family unit throughout any administrative process)
4. Assess criminal conduct which warrants investigation or enforcement (to include trafficking, smuggling, harboring, false statements, etc.)

We also understand, from your message, that some of the UAC are represented by counsel. The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) requires that HHS, "ensure, to the greatest extent practicable . . . that all [UAC] who are or have been in the custody of [HHS] . . . have counsel to represent them." 8 U.S.C. § 1232(c)(5); *see also* 6 U.S.C. § 279(b)(1)(A) (requiring HHS to develop plans to "ensure that qualified and independent legal counsel is timely appointed to represent the interests of each such child"). Specifically, such counsel is "to represent them in *legal proceedings or matters* and protect them from mistreatment, exploitation, and trafficking." 8 U.S.C. § 1232(c)(5) (emphasis added). The context in which the intended HSI interviews would occur would not qualify as "legal proceedings or matters," therefore it does not appear that any representation by such counsel would extend to the purpose of the interviews, such that counsel would be required to be present for such interviews. *See Lucas R. v. Becerra*, 2022 WL 2177454, *29-31 (C.D. Cal. 2022) (finding that "legal proceedings or matters" in 8 U.S.C. § 1232(c)(5) is not limited to representation in removal proceedings but would also extend to "decisions regarding placement of children in secure facilities, evaluation of custodial fitness, and medicating children without parental consent"). Moreover, HSI's purpose for conducting the interviews— family reunification— serves to counter "mistreatment, exploitation, and trafficking," which is consistent with one of the purposes for representation by counsel under the TVPRA. Of course, HSI should not question the UAC with regard to issues related to removability and eligibility for relief or protection from removal without their counsel present.

Additionally, we understand that HHS Office of Refugee Resettlement (ORR), which is responsible for the care and custody of the UAC, has cleared contact by HSI to conduct these interviews. With that understanding, HSI will likely interview the UAC in federal custody. Not all custodial questioning requires *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436 (1966). The Supreme Court has clarified that custodial interrogation includes "both express questioning and words or actions . . . reasonable likely to elicit an incriminating response." *Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990). If, during the course of a custodial interview initiated with the goal of family unity, HSI develops suspicion that the UAC themselves may be involved in criminal activity (including, but not limited to false statements, trafficking, smuggling, or harboring), and seeks to pursue a line of questioning designed to elicit an incriminating response, HSI should stop and administer *Miranda* warnings before proceeding further with the interview.

If specific questions arise in the course of this effort, please let us know and we will look at the particulars. I am adding Matt and Helki here in case there is any follow up.

Thanks,


**Adam V. Loiacono**
Deputy Principal Legal Advisor for
Enforcement and Litigation
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
Iphone: 202-500-3700
adam.loiacono@ice.dhs.gov
avloiacono@dhs.ic.gov

*** ATTORNEY/CLIENT PRIVILEGE *** ATTORNEY WORK PRODUCT ***
**This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document or information contained therein must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and is FOIA exempt under 5 U.S.C. § 552(b)(5), (b)(7).**